Mark E. Ellis – 127159
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN MCBRIDE,

    Plaintiff,

v.

RASH CURTIS & ASSOCIATES,

    Defendant.

Case No.: 2:16-CV-02390 TLN-CKD

**DECLARATION OF ROBERT KEITH IN SUPPORT OF DEFENDANT RASH CURTIS & ASSOCIATES' MOTION IN SUPPORT OF SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT [FRCP 56(c)]**

DATE: April 19, 2018
TIME: 2:00 p.m.
DEPT: 2, 15th Floor
HONORABLE TROY L. NUNLEY

I, Robert Keith, declare:

1. I am Executive Vice President of Defendant RASH CURTIS & ASSOCIATES ("Rash Curtis"). This declaration is based upon my own personal knowledge. If called upon to testify thereto, I am competent to do so.

2. I have been employed at Rash Curtis for more than 10 years in several capacities, and I am very familiar with Rash Curtis' collection policies and procedures.

3. I have personally reviewed the materials which were sent by the creditor, Freemont-Rideout Health Group ("Rideout") to Rash Curtis when it assigned Marianne McBride's accounts for collection. I have also reviewed Rash Curtis' collection notes on Marianne McBride's account, which were made contemporaneously with events and communications, and they are made in the ordinary course of business, as it is Rash Curtis' invariable policy to do so.

- 1 -

4. I offer this declaration in support of Defendant Rash Curtis' Motion for Summary Judgment or partial Summary Judgment.

5. The individuals employed as collectors by Rash Curtis are trained to accurately reflect the events and conversations with debtors and record them contemporaneously in Rash Curtis' collection notes. In particular, if a debtor or called party informs Rash Curtis that Rash Curtis is calling the wrong number, or asks Rash Curtis to quit calling, that would be reflected in Rash Curtis' business record notes, as it is Rash Curtis' invariable policy to record such communications, and accurately note the account accordingly. Rash Curtis does not edit or delete entries in collection notes after they are contemporaneously noted with the call. Here, none of the notes regarding Marianne McBride's account reflect any request that Rash Curtis quit calling the 9189 number, or that Rash Curtis was calling the wrong number, including during October 19, 2015 telephone conversation with Plaintiff John McBride, which notes were made contemporaneously during the call and in the ordinary course of business. If Rash Curtis would have been told that during this conversation to quit calling, that instruction would have been contemporaneously noted in the collection notes, per Rash Curtis' policy to do so. Likewise, if Rash Curtis would have been told to quit calling during *any* call to the 9189 number, this instruction would have been contemporaneously noted in the collection notes, per Rash Curtis' invariable policy to do so.

6. In this case, Rideout has referred numerous accounts of Marianne McBride to Rash Curtis for collection. Rideout sent copies of the contracts between Marianne McBride and Rideout dated May 14, 2013, August 8, 2013, February 10, 2014, September 22, 2014, October 2, 2014, and December 1, 2014, which became part of Rash Curtis' file. Attached as **Exhibit 3** to the Master List of Attached Exhibits are true and correct copies of the contracts that Rash Curtis received from Rideout, called Marianne McBride's Facesheets and Conditions of Admission from Freemont-Rideout Health Group.

7. In addition to the contracts for service, Rideout also transmitted to Rash Curtis "Facesheets" reflecting Ms. McBride's visits on May 14, 2013, August 8, 2013, and February 10, 2014, which became part of Rash Curtis' file. These three facesheets were "associated" with Rash

- 2 -

DECLARATION OF ROBERT KEITH IN SUPPORT OF DEFENDANT RASH CURTIS & ASSOCIATES' MOTION IN SUPPORT OF SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

Curtis collection accounts numbered 1835027, 2050451, and 2439181 respectively for Ms. McBride. Attached as **Exhibit 3** to the Master List of Attached Exhibits are true and correct copies of the Facesheets that Rash Curtis received from Rideout, related to Marianne McBride's visits as well as her Conditions of Admission from Freemont-Rideout Health Group.

8. Rideout also transmitted to Rash Curtis a copy of its Patient Notes for Visit – 400055860 which became part of Rash Curtis' file. The information provided from Rideout to Rash Curtis indicates that that Marianne McBride provided the 9189 number as the correct number at which to contact her. It is believed that Plaintiff John McBride and his wife share the 9189 number. Attached as **Exhibit 5** to the Master List of Attached Exhibits is a true and correct copy of Rideout's Patient Notes for Visit – 400055860 dated August 4, 2016, Patient Notes for Marianne McBride from Freemont-Rideout Health Group.

9. The three Facesheets provided from Rideout to Rash Curtis indicate that Plaintiff John McBride is the husband and contact of Marianne McBride, and also show the number ending in 9189 as Mr. McBride's cellular phone number and contact number. (**Exhibit 3.**)

10. At the time of commencement of this action, Rash Curtis had been assigned several unpaid accounts also from treatment rendered to Ms. McBride which had been referred by Rideout. These debts were owed by Ms. McBride. Rash Curtis identified these accounts by numbers: 1361453, 1361565, 1857610, 2050451, 2050571, 2163399, 2439181, 2439182, 2439183, 2439184, and 2439185. Of these accounts, only 2439181 had been paid in full as of the commencement of this action, and it was paid on July 27, 2015. All of the other accounts stated above had outstanding balances as of the commencement of this action. Attached as **Exhibit 6** to the Master List of Attached Exhibits is a true and correct copy of Rash Curtis' Debtor Account History for Marianne McBride, kept by Rash Curtis in the ordinary course of business.

11. Attached to the Master List of Attached Exhibits as **Exhibit 4** is a true and correct copy of Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, kept by Rash Curtis in the ordinary course of business.

DECLARATION OF ROBERT KEITH IN SUPPORT OF DEFENDANT RASH CURTIS & ASSOCIATES' MOTION IN SUPPORT OF SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

12. Rash Curtis made no calls to the 9189 number until after Plaintiff John McBride called into Rash Curtis on July 18, 2014 from the 9189 number to discuss the debts of his wife and <u>requested a call back from Rash Curtis</u>. The first call back was using "Global Connect" to the number ending in 9189 was on August 14, 2014. (**Exhibit 4**)

13. On July 17, 2014, Plaintiff John McBride again called into Rash Curtis about Marianne McBride's debts and informed Rash Curtis that he was trying to find someone to help him pay off the accounts so his health savings account could reimburse him. (**Exhibit 4**)

14. On July 18, 2014, Plaintiff John McBride called into Rash Curtis from the number ending in 9189 and stated that he was in contact with his health insurance carrier, and requested to be called back. (**Exhibit 4**)

15. On July 23, 2014, Plaintiff John McBride called into Rash Curtis a second time from the 9189 number. He asked for a statement of all his wife's outstanding accounts and told Rash Curtis that he would pay the debt accounts the following week. (**Exhibit 4**)

16. Following the phone call on July 23, 2014, Rash Curtis emailed a statement of Marianne McBride's overdue debt accounts. (**Exhibit 4**)

17. On August 12, 2014, Plaintiff John McBride called into Rash Curtis a third time from the 9189 number and again indicated that he planned on paying off Marianne's debts. (**Exhibit 4**)

18. On August 14, 2014, Rash Curtis <u>placed its first outbound call to the 9189</u> number. Rash Curtis spoke with Plaintiff John McBride, who said he would be getting an insurance check for the balance, but he declined to make a payment at that time. The collection notes do not reflect that McBride stated do not call the 9189 number, or to not further call. If he had done that it would have been reflected in Rash Curtis' collection notes. (**Exhibit 4**)

19. Rash Curtis placed a total of 45 calls between August 14, 2014 and February 18, 2016, to the 9189 number in connection with Marianne's various debts. Virtually none of these calls were answered or never went through. Other than the conversation on August 14, 2014, Rash Curtis only had two more conversations with Plaintiff. The first was on August 13, 2015, when Marianne McBride and Plaintiff John McBride answered simultaneously, and told Rash Curtis that they had paid off the

DECLARATION OF ROBERT KEITH IN SUPPORT OF DEFENDANT RASH CURTIS & ASSOCIATES' MOTION IN SUPPORT OF SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

debts entirely, which was not true. Ms. McBride still owed on at least ten accounts. The second call was on October 19, 2015, where Plaintiff John McBride advised Rash Curtis that 9189 was his number. Rash Curtis has no record of Plaintiff John McBride ever asking Rash Curtis to quit calling or telling Rash Curtis that Marianne McBride could not be reached at the 9189 number. Rash Curtis did not speak with Plaintiff or his wife at all during September of 2015. (**Exhibit 4**)

20. Rash Curtis never placed more than two outbound calls to the 9189 number in a single day during that period of time between August 14, 2014 and February 18, 2016 regarding Marianne McBride's accounts. Since October 6, 2015, one year prior to the commencement of this action, Rash Curtis placed only 11 calls to the 9189 number. Rash Curtis never placed more than one call to the 9189 number per day after October 6, 2015. (**Exhibit 4**)

21. During the October 19, 2015 call, Plaintiff John McBride confirmed that the 9189 number was his number, a fact already known to Rash Curtis, since Rash Curtis was calling to reach Plaintiff John McBride to follow up on his previous assertions that he would be getting an insurance check for the balance in full and intended to pay off his wife's accounts. Rash Curtis' business records demonstrate that Plaintiff John McBride did not request Rash Curtis quit calling, because if he had done so, it would have been noted in Rash Curtis' collection notes which are recorded contemporaneously, per Rash Curtis' policy to invariably do so. (**Exhibit 4**)

22. Following the October 19, 2015 interaction, Rash Curtis has had no subsequent conversations with Plaintiff John McBride or Marianne McBride about Marianne's debt accounts. (**Exhibit 4**)

23. Following the October 19, 2015 interaction but before November 17, 2015, Rash Curtis placed two more calls to the 9189 number, on October 26, 2015 and November 3, 2015 respectively. No one answered either of these two calls. Rash Curtis manually dialed 9189 on October 26, 2015, and left a "live" recorded message for Plaintiff John McBride. The collector who dialed this call initialed the call log as "AF." Likewise, Rash Curtis manually dialed 9189 on November 3, 2011. No one answered, but no message was left. The collector who dialed this call initialed the call log as "AT"

- 5 -

contemporaneously as the call was placed. No prerecorded messages were left at the 9189 number during this period of time. (**Exhibit 4**)

24. Following the two manually dialed calls placed on October 26, 2015 and November 3, 2015, Rash Curtis placed seven calls to the 9189 number using a predictive dialing system called "Global Connect," to attempt to collect Marianne McBride's debts. All seven of these calls took place during the period between December 9, 2015 and February 18, 2016. The collection notes indicate that none of these calls were answered, and no prerecorded messages were left. (**Exhibit 4**)

25. It is the invariable policy of Rash Curtis to not place calls with the intent to annoy, harass, or cause any injury to debtors. That policy was followed here, where Rash Curtis did not call the 9189 number with any such intent at any time, but rather to try to communicate with the debtor.

26. Other than the calls which Rash Curtis manually dialed, all other calls to the 9189 number during the relevant time period were placed using "Global Connect." Global Connect has no ability to create random or sequential numbers and dial them; it only has the ability to dial numbers from a list which Rash Curtis loads into the dialer. Here, Rash Curtis created a call list in Global Connect, which is how Global Connect was given the 9189 number. The 9189 number was not generated randomly or sequentially, as Global Connect does not have the ability to generate or dial random or sequential numbers, but only those provided by a user in a list.

- 6 -

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed in Vacaville, California, on March 22, 2018.


ROBERT KEITH

DECLARATION OF ROBERT KEITH IN SUPPORT OF DEFENDANT RASH CURTIS & ASSOCIATES' MOTION IN SUPPORT OF SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT