# EXHIBIT A

Mark E. Ellis - 127159
Bryan G. Ceglio - 312682
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
bceglio@ellislawgrp.com

Attorneys for Defendant
RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN MCBRIDE,

    PLAINTIFF,

v.

RASH CURTIS & ASSOCIATES,

    DEFENDANT.

Case No.: 2:16-CV-02390 TLN-CKD

**DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

PROPOUNDING PARTY:   Plaintiff JOHN MCBRIDE

RESPONDING PARTY:   Defendant RASH CURTIS & ASSOCIATES

SET NUMBER:   One

    This responding party has not fully completed its investigation of the facts relating to this case, has not fully completed its discovery in this action, and has not completed its preparation for the trial. All the answers contained herein are based upon such information and documents which are presently available and specifically known to this responding party and disclose only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions, changes in and variations from the contentions herein set forth. The following

responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made.

The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be in prejudice of responding party in relation to further discovery, research and analysis.

## RESPONSES

**INTERROGATORY NO. 1:**

Identify each individual Person, officer, employee, agent, independent contractor, or other entity answering or providing any information used to answer any Interrogatory herein.

**RESPONSE TO INTERROGATORY NO. 1:**

This responding party objects to this interrogatory to the extent it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. This responding party also objects to this interrogatory to the extent it seeks information protected by a third-party's right of privacy. Without waiving the foregoing objections, this responding party responds as follows: Robert Keith, Vice President of Operations, 190 S. Orchard Avenue, Suite A-200, Vacaville, CA 95688, (707) 454-2042. Mr. Keith can be reached by and through this responding party's counsel of record, Mark E. Ellis of the Ellis Law Group, LLP, 740 University Avenue, Suite 100, Sacramento, CA 95825, (916) 283-8820. Nick Keith, Revenue Recovery Specialist, 190 S. Orchard Avenue, Suite A-200, Vacaville, CA 95688, 707-454-2046. Nick Keith can be reached by and through this responding party's counsel of record, Mark E. Ellis of the Ellis Law Group, LLP, 740 University Avenue, Suite 100, Sacramento, CA 95825, (916) 283-8820.

**INTERROGATORY NO. 2:**

Identify all Persons known to You to have personal knowledge of any facts or issues involved in this Action.

///
///

- 2 -

**RESPONSE TO INTERROGATORY NO. 2:**

Robert Keith, Vice President of Operations, 190 S. Orchard Avenue, Suite A-200, Vacaville, CA 95688, (707) 454-2042. Mr. Keith can be reached by and through this responding party's counsel of record, Mark E. Ellis of the Ellis Law Group, LLP, 740 University Avenue, Suite 100, Sacramento, CA 95825, (916) 283-8820. Robert Tafuna, 190 S. Orchard Avenue, Suite A-200, Vacaville, CA 95688, (707) 454-2010. Nai Saechoa, 190 S. Orchard Avenue, Suite A-200, Vacaville, CA 95688, (707) 454-2010. Tafuna and Saechoa can be reached by and through this responding party's counsel of record, Mark E. Ellis of the Ellis Law Group, LLP, 740 University Avenue, Suite 100, Sacramento, CA 95825, (916) 283-8820.

**INTERROGATORY NO. 3:**

Identify by name, manufacturer, make, model and serial number all automatic telephone dialing systems ("ATDS") and/or Predictive Dialers that You currently use and have used since January 1, 2012, including the software that Your system(s) use/used.

**RESPONSE TO INTERROGATORY NO. 3:**

Rash Curtis makes its dialer calls through Global Connect which recently merged with TCN.

**INTERROGATORY NO. 4:**

Identify the date, time and length of each and every telephone call You, or anyone acting on Your behalf or at Your direction, placed to Plaintiff's Number, including calls that were not answered, cancelled and/or abandoned, being certain to Identify for each call the originating telephone number(s).

**RESPONSE TO INTERROGATORY NO. 4:**

This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and Marianne McBride's collection notes served concurrently within.

**INTERROGATORY NO. 5:**

For each call identified in Interrogatory No. 4, Describe the outcome of the call (i.e., left message, conversation, cancelled, terminated, no answer, etc.).

///

///

**RESPONSE TO INTERROGATORY NO. 5:**

This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and Marianne McBride's collection notes served concurrently within.

**INTERROGATORY NO. 6:**

For each call identified in Interrogatory No. 4, Describe how each call was initiated, including but not limited to whether the call was manually dialed or whether the call was initiated by a computer system or dialer system. This Interrogatory seeks information related to every call, including calls that were not answered and/or terminated or abandoned prior to the call being answered.

**RESPONSE TO INTERROGATORY NO. 6:**

This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and Marianne McBride's collection notes served concurrently within.

**INTERROGATORY NO. 7:**

Identify the date, time and length of each and every call placed to Plaintiff's Number that was made using an ATDS and/or Predictive Dialer. This Interrogatory seeks information related to each and every call, including calls that were not answered and/or terminated or abandoned prior to the call being answered, including any calls placed by anyone acting on Your behalf or at Your direction.

**RESPONSE TO INTERROGATORY NO. 7:**

This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and Marianne McBride's collection notes served concurrently within. The collection notes, in the left hand column, indicate the date and time of each call placed. When a call is initiated via Global Connect, the date of the call is preceded by the letters "GC".

**INTERROGATORY NO. 8:**

Identify the date, time and length of each and every call placed to Plaintiff's Number where Plaintiff would or might hear a prerecorded and/or artificial voice upon answering the call, or where a prerecorded and/or artificial voice would or might be left on Plaintiff's voicemail and/or answering

machine. This Interrogatory seeks information related to each and every call, including calls that were not answered and/or terminated or abandoned prior to the call being answered, including any calls placed by anyone acting on Your behalf or at Your direction.

**RESPONSE TO INTERROGATORY NO. 8:**

This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and Marianne McBride's collection notes served concurrently within. Plaintiff might hear a prerecorded and/or artificial voice upon answering the call, or prerecorded and/or artificial voice might have been left on Plaintiff's voicemail and/or answering machine where the collection notes indicate "PHONE ANSWERD NO LINKBACK" or "LMOM".

**INTERROGATORY NO. 9:**

State the date, time, and length of each call placed by You to Plaintiff wherein the call resulted in a conversation with Plaintiff. This Interrogatory seeks information related to each and every call placed to Plaintiff by You, including calls placed by anyone acting on Your behalf or at Your direction.

**RESPONSE TO INTERROGATORY NO. 9:**

This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and Marianne McBride's collection notes served concurrently within. Each conversation is detailed in the collection notes.

**INTERROGATORY NO. 10:**

State the date, time, and length of each call placed by Plaintiff to You wherein the call resulted in a conversation with Plaintiff.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection, overbroad as there is no temporal limitation. Objection, asked and answered. This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and Marianne

///

McBride's collection notes served concurrently within. Each conversation is detailed in the collection notes.

**INTERROGATORY NO. 11:**

For each call identified in Your answers to Interrogatory No. 9 and Interrogatory No. 10, Describe in detail the substance of the conversation with Plaintiff and any other participants thereto.

**RESPONSE TO INTERROGATORY NO. 11:**

This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and Marianne McBride's collection notes served concurrently within. Each conversation is detailed in the collection notes.

**INTERROGATORY NO. 12:**

If You recorded any conversations with Plaintiff, Identify the date of each conversation.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant does not have any recorded conversations between defendant and Plaintiff.

**INTERROGATORY NO. 13:**

Identify the name, address, and contact information of any Person, individual, entity or organization hired, employed or retained by You to make outgoing calls to Plaintiff and/or to Plaintiff's Number.

**RESPONSE TO INTERROGATORY NO. 13:**

This responding party objects to this Interrogatory on the ground that it is ambiguous as it is not clear what is meant by "employed or retained by your to make outgoing calls to Plaintiff." This responding party has interpreted that phrase to mean specifically hired to place calls to Plaintiff and responds that defendant does not hire specific individuals, entities, or organizations to make calls to any specific debtor.

**INTERROGATORY NO. 14:**

Identify and Describe in detail each Document in Your possession which contains Plaintiff's Number, including but not limited to Documents received from Plaintiff and/or obtained as a result of searching for Plaintiff's contact information.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection to the extent that this interrogatory requests information protected by a third-party's privacy rights. Subject to and without waiving this objection, defendant responds:

1. Letter dated February 1, 2016 from Plaintiff's counsel to defendant. The letter informs defendant that Plaintiff is represented in the instant matter.

2. Marianne McBrides's Patient Notes from Rideout Health. Rideout Health, a referring creditor, sent the document to defendant on or about August 4, 2016.

3. Plaintiff's Patient Notes from Rideout Health, a referring creditor, sent the document to defendant on or about August 1, 2016.

4. Plaintiff's Collection Notes. Defendant generated the collection notes in its regular course of business.

6. Marianne McBride's Collection Notes. Defendant generated the collection notes in its regular course of business.

**INTERROGATORY NO. 15:**

If You contend that You did not have or did not maintain business records of every call that was made to or received by Plaintiff, then Identify the name and contact information of each Person or entity that maintained records of the calls.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant does not contend that it did not maintain records for every call made to or received by Plaintiff.

**INTERROGATORY NO. 16:**

Describe in detail how and when You first obtained Plaintiff's Number, including the date it was obtained and the source from which the number was obtained.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant obtained Plaintiff's phone number on July 18, 2014. During a live phone conversation on July 18, between defendant and Mcbride, in which the two were discussing McBride's insurance bill, McBride requested for a call back.

/ / /

DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

**INTERROGATORY NO. 17:**

If You contend that Plaintiff provided You (including anyone acting on Your behalf or at Your direction) with express consent allowing You (including anyone acting on Your behalf or at Your direction) to place ATDS and/or Predictive Dialer calls to Plaintiff's Number, or calls using a prerecorded and/or artificial voice, Describe the circumstances surrounding any such consent, including the date You contend You received such consent. If the consent was in writing, Identify the Document(s) which provided You with the consent.

**RESPONSE TO INTERROGATORY NO. 17:**

McBride provided consent orally on July 18, 2014 when he requested a call back from defendant. McBride also provided his number to the referring creditor, which defendant could reasonably rely upon.

**INTERROGATORY NO. 18:**

For each call identified in Interrogatory No. 7 and Interrogatory No. 8, Describe Your usual practices in determining whether Plaintiff had consented to being called prior to, or at the time, You (including anyone acting on Your behalf or at Your direction) placed the call.

**RESPONSE TO INTERROGATORY NO. 18:**

For each account that defendant is referred, it requests supporting documents from the creditor. Defendant reviews the documents sent from the creditor to see if consent was given to the creditor to make autodialed calls. If the debtor provided the creditor with their number during the transaction which created the debt, then defendant has proper consent needed to call the debtor at the listed number. *Van Patten v. Vertical Fitness Grp., LLC*, 22 F. Supp. 3d 1069, 1078 (S.D. Cal. 2014). Additionally, defendant on occasion receives consent directly from the client.

**INTERROGATORY NO. 19:**

State whether You use or used any software, or any other system or calling method, that affects, suppresses, blocks, modifies, or otherwise alters or conceals the telephone number from where the call is originated, and if so, Identify the software or system used.

///

///

- 8 -

**RESPONSE TO INTERROGATORY NO. 19:**

Defendant does not utilize software, or any other system to block its telephone number when making calls to debtors. If the debtor has caller-id, then defendant's number will be identifiable.

**INTERROGATORY NO. 20:**

Describe the system You maintain or operate to record and Document Your contacts with Plaintiff, or Persons You call in the normal operation of Your business, and Your policies for operating such a system.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection vague and ambiguous as to "your policies for operating such a system." Objection, as phrased this request is overbroad so as to be unduly burdensome and harassing in that it asks defendant to describe all of its policies related to its collection software but does not identify which policies or which type of policies plaintiff is referring to. Subject to and without waiving said objection, defendant responds: defendant maintains collection software that includes a history or note field in which all contacts with consumers are noted and updated. These notes are either made automatically by the system or entered by the employee at the time of the action and cannot be modified thereafter. It is defendant's policy for all communications and attempted communications to be noted in the collection history. Further, defendant records some telephone calls with consumers.

**INTERROGATORY NO. 21:**

Identify all letters, notices or other written correspondence between You and Plaintiff.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection, relevance. Plaintiff does not make any claims about written correspondence from defendant to Plaintiff. Defendant sent Plaintiff an initial contact letter which informed Plaintiff that his debt had been assigned to defendant for collections.

**INTERROGATORY NO. 22:**

State the name, alias, job title, business and home address, telephone number, date of initial employment and date of and reason for termination of employment for each of Your employees that engaged in collection activities related to Plaintiff's Account.

///

**RESPONSE TO INTERROGATORY NO. 22:**

Objection, the request for home address and telephone number of defendant's employees is improper, not relevant, and designed to intimidate, harass or abuse defendant and its employees. Further, this information is confidential, personal information of non-parties. Subject to and without waiving said objections, defendant responds: Robert Tafuna, 190 S. Orchard Avenue, Suite A-200, Vacaville, CA 95688, (707) 454-2010. Nai Saechoa, 190 S. Orchard Avenue, Suite A-200, Vacaville, CA 95688, (707) 454-2010. Tafuna and Saechoa can be reached by and through this responding party's counsel of record, Mark E. Ellis of the Ellis Law Group, LLP, 740 University Avenue, Suite 100, Sacramento, CA 95825, (916) 283-8820.

**INTERROGATORY NO. 23:**

List and explain all abbreviations, codes, letters or symbols used by You when documenting calls and/or collection activities directed at Plaintiff, or Persons You call in the normal operation of Your business.

**RESPONSE TO INTERROGATORY NO. 23:**

Objection, overbroad so as to be unduly burdensome and harassing as not all abbreviations are standardized and would require the review of thousands of accounts. Objection, relevance. The question does not relate to the case at hand. Subject to and without waiving said objection, defendant responds: the following are abbreviations used in McBride's collection notes:

C/B means Call Back

DTR means Debtor

NA means No answer

CI means call in

LMOM means left message on machine

TRNS means transfer

**INTERROGATORY NO. 24:**

State the name and address of Your liability insurer(s) for the last three (3) years and the dates of coverage, type and policy number of each liability insurance policy.

///

**RESPONSE TO INTERROGATORY NO. 24:**

Objection, relevance. Defendant has not tendered this claim to it insurance provider; thus, insurance is not relevant to this claim.

**INTERROGATORY NO. 25:**

Identify each Person involved in providing training to new and/or present employees involved in the collection of consumer accounts relating to compliance with the TCPA and/or the Fair Debt Collection Practices Act, and Describe the content, timing, duration, and the Documents and audio or visual materials used in that training.

**RESPONSE TO INTERROGATORY NO. 25:**

This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). Defendant's relevant training materials are served concurrently within. Defendant's trainer is Tomeka Mitchell.

Dated: July 24, 2017

ELLIS LAW GROUP LLP

By _____
Bryan G. Ceglio
Attorneys for Defendant
RASH CURTIS & ASSOCIATES

**VERIFICATION TO FOLLOW**

DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

# CERTIFICATE OF SERVICE

I, Cheri Bowden, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On July 24, 2017, I served the following document(s) on the parties in the within action:

**DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Trinette G. Kent<br>Lemberg Law, LLC<br>3219 E. Camelback Road, Suite 588<br>Phoenix, AZ 85018 | Attorneys for Plaintiff<br>JOHN MCBRIDE |
| Lemberg Law, LLC<br>43 Danbury Road<br>Wilton, CT 06897 | Attorneys for Plaintiff<br>JOHN MCBRIDE |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on July 24, 2017.

By *(signature)* Cheri Bowden
Cheri Bowden

- 12 -

DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)