Mark E. Ellis - 127159
Lawrence K. Iglesias - 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN MCBRIDE,

Plaintiff,

v.

RASH CURTIS & ASSOCIATES,

Defendant.

Case No.: 2:16-CV-02390 TLN-CKD

**DEFENDANT RASH CURTIS & ASSOCIATES REPLYTO PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT [FRCP 56(C)]**

**DATE: May 31, 2018**
**TIME: 2:00 p.m.**
**DEPT: 2, 15th Floor**
**HONORABLE TROY L. NUNLEY**

Defendant RASH CURTIS & ASSOCIATES hereby submits this Reply to Plaintiff's Opposition to Defendant's Separate Statement of Undisputed material facts and evidence in support of its motion for summary judgment:

| DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLY TO OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Fact 1.** Plaintiff filed his Complaint entitled John McBride v. Rash Curtis & Associates on October 6, 2016, alleging both negligent and knowing/willful violations of the TCPA, violations of the FDCPA, and violations of the Rosenthal Act. | 1. Undisputed. |

| | |
|---|---|
| **Evidence**<br>Exhibit 1, Plaintiff's Complaint, ¶¶ 27-28, 32, 38-40<br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br>Undisputed. | |
| **Fact 2.** Plaintiff prays for awards of statutory damages, actual damages, attorneys' fees, punitive damages, and court costs.<br>**Evidence**<br>Exhibit 1, Plaintiff's Complaint, p.8.<br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br>Undisputed. | 2. Undisputed |
| **Fact 3.** Defendant Rash Curtis filed its Answer on December 17, 2016, which asserted several affirmative defenses, including the first affirmative defense that Plaintiff's complaint fails to state facts sufficient to constitute a cause of action, and the third affirmative defense that Rash Curtis has no liability under the TCPA because Rash Curtis had the "prior express consent" of Plaintiff.<br>**Evidence**<br>Exhibit 2, Defendant's Answer filed December 17, 2016 with affirmative defenses, p.4.<br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br>Undisputed. | 3. Undisputed |
| **Fact 4.** The 9189 number was provided to Freemont-Rideout Health Group on at least three separate occasions in connection with Marianne McBride's medical treatment, which resulted in one or more of the debts Rash Curtis was attempting to collect.<br>**Evidence**<br>Declaration of Robert Keith ¶¶ 6-7, 9; Exhibit | 4. Disputed, to the extent that the 9189 number is shared between John McBride and Marianne McBride as indicated on their shared family plan Verizon invoice, and as notated by Rideout in its patient notes, upon which Rash Curtis is entitled to reasonably rely. Furthermore, Marianne communicated with Rash Curtis on the 9189 phone number on at least one |

| | |
|---|---|
| 3, Marianne McBride's Facesheets and Conditions for Admission from Freemont-Rideout Health Group, Rash Curtis 63, 66, 71.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed that the 9189 Number was provided by Marianne McBride to Freemont-Rideout Health Group via the Facesheets.<br><br>Disputed to the extent this fact implies or suggest that the 9189 Number was provided as *Marianne McBride's* telephone number. Rather, it was provided as the telephone number for her "emergency contact," John McBride.<br><br>**<u>Evidence</u>**<br><br>Def. <u>Exhibit 3</u> (the Facesheets). | occasion.<br><br>**<u>Evidence</u>**<br>Exhibit 7**,** Verizon Wireless invoice for Marianne McBride dated October 16, 2015 (Rash Curtis 00033-00035); Exhibit 5**,** Patient Notes for Marianne McBride from Freemont-Rideout Health Group (Rash Curtis 00014); Exhibit 4**,** Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 00012, August 13, 2015 entry ("TT MRS & MR"). |
| **Fact 5.** Plaintiff is not the debtor for the debts in this case. The debts are owed by his wife, Marianne McBride, and of her 11 debt accounts referred to Rash Curtis by Rideout, only one had been paid in full at the time this action was commenced.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith ¶ 10; Exhibit 1, Plaintiff's Complaint filed October 6, 2016, ¶ 13, Exhibit 6, Rash Curtis' Debtor Account History for Marianne McBride.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to this statement as immaterial; whether the debts, which Plaintiff is not obligated to pay, were or were not paid in full at the time this action was commenced is not material to Plaintiff's claims.<br><br>Subject to the objections, undisputed that Plaintiff is not the debtor for the debts in this case. | 5. Disputed.<br><br>Fact 5 is material to Plaintiff's lack of standing to pursue his Rosenthal Act claim under Cal. Civ. Code § 1788.11(e).<br><br>"No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: (e) Communicating, by telephone or in person, with **<u>the debtor</u>** with such frequency as to be unreasonable and to constitute harassment **<u>to the debtor</u>** under the circumstances." Cal. Civ. Code § 1788.11(e) (emphasis added).<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith, ¶ 10; Exhibit 1, Plaintiff's Complaint filed October 6, 2016, at ¶ 13, Exhibit 6, Rash Curtis' Debtor Account History for Marianne McBride. |

| | |
|---|---|
| **Fact 6.** Marianne McBride was treated on numerous dates since 2011 by Rideout, where she signed and initialed Rideout's Financial Agreement, agreeing to pay her hospital bills.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith ¶¶ 6-7; Exhibit 3, Marianne McBride's Facesheets and Conditions for Admission from Freemont-Rideout Health Group, Rash Curtis 64, 67, 70, 72, 74, 76, 78.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | 6. Undisputed. |
| **Fact 7.** Marianne McBride, in connection to medical treatment, provided to Freemont-Rideout Health Group the name and phone number of her husband, Plaintiff John McBride, including but not necessarily limited to the following dates: May 14, 2013, August 8, 2013, and February 10, 2014.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith ~¶ 6-7, 9; Exhibit 3, Marianne McBride's Facesheets and Conditions for Admission from Freemont-Rideout Health Group, Rash Curtis 63, 66, 71.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | 7. Undisputed. |
| **Fact 8.** Freemont-Rideout Health Group assigned numerous debt accounts of Marianne McBride to Rash Curtis for collection, including but not necessarily limited to, Rash Curtis' account numbers: 1361453, 1361565, 1857610, 2050451, 2050571, 2163399, 2439181, 2439182, 2439183, 2439184, and 2439185.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith ¶~ 10-11; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne | 8. Undisputed. |

| | |
|---|---|
| McBride, Rash Curtis 4; Exhibit 6, Rash Curtis' Debtor Account History for Marianne McBride.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | |
| **Fact 9**. On July 17, 2014, Plaintiff John McBride called into Rash Curtis about his wife Marianne's debts and informed Rash Curtis that he was trying to find someone to help him pay off her accounts so his health savings account could reimburse him.<br><br>**Evidence**<br><br>Declaration of Robert Keith ¶¶ 11, 13; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 07/17/14 entry, Rash Curtis 5, 7, 8.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to this statement as immaterial. The conversation Rash Curtis describes is unrelated to Plaintiff's TCPA, FDCPA and Rosenthal Act claims based on Defendant's repeated telephone calls to him without his prior express consent and over his and his counsel's requests to stop calling his cellular telephone.<br><br>Plaintiff further objects to the extent that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes.<br><br>Subject to the objection, undisputed that the Collection Notes contain a July 17, 2014 entry stating that a "MR" "SD HE TRYING TO FIND SOMEONE TO HELP HIM PIF THE ACCOUNTS SO HIS HEALTH SAVINGS ACCT CAN REIMBURSE HIM."<br><br>**Evidence**<br>Keith Decl. ¶¶ 11, 13; Collection Notes at | 9. Disputed.<br><br>Fact 9 is material to the propriety of Rash Curtis' attempts to re-establish contact with Plaintiff based on his repeated assertions that he intended to pay off his wife's debt, which is relevant to Plaintiff's "call harassment" claims under the FDCPA and Rosenthal Act. Courts have consistently held that an alternative explanation for multiple calls being placed to a debtor, as opposed to intending to harass the debtor, is merely to establish contact. *See, e.g., Tucker v. The CBE Group, Inc.*, 710 F.Supp.2d 1301, 1305 (M.D. Fla. 2010); *Saltzman v. I.C. Systems, Inc.*, 2009 WL 3190359, at *7 (E.D. Mich. 2009); *Chavious v. The CBE Group, Inc.*, 2012 WL 113509, at *2 (E.D. NY 2012); *Jones v. Rash Curtis*, 2011 WL 2050195, at *2-3 (N.D. Cal. 2011).<br><br>"Absent egregious conduct…merely calling a debtor repeatedly, even multiple times in a single day, does not violate the FDCPA [e.g. no intent to harass or conduct the natural consequence of which is to harass]." *Hinderstein v. Advanced Call. Str. Techs.*, 2017 WL 751420 at *3 (C.D. Cal. 2017).<br><br>Here, although Plaintiff is not the debtor, he had called into Rash Curtis multiple times to discuss the debt of his wife, Marianne McBride. Plaintiff had made affirmative representations to Rash Curtis that he was trying to find someone to help her pay off her accounts so his health savings account could reimburse him. He told Rash Curtis that he was in contact with |

| | |
|---|---|
| RASH CURTIS 00008. | his insurance carrier, as to coverage for Marianne McBride's debts. He told Rash Curtis that he planned on paying off Marianne McBride's debts. After calling into Rash Curtis and making these affirmations, Plaintiff stopped communicating with Rash Curtis. Because Plaintiff told Rash Curtis that he would pay off these debts, and then ceased communication, it naturally follows that Rash Curtis' calls to Plaintiff were attempts to re-establish contact with Plaintiff as to his promise to pay off his wife's debts, and not for the purpose of harassing him. Rash Curtis admits that Plaintiff is not personally responsible for these debts, but because Plaintiff told Rash Curtis he intended to pay these debts for his wife, Rash Curtis only intended to follow up on that promise, and was not acting egregiously by attempting to contact Plaintiff.<br><br>Disputed, as to Plaintiff's objection that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes, no such first-hand knowledge is required.<br><br>A record of an act, event, condition, opinion, or diagnosis is not inadmissible if the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; and all of these conditions are shown by the testimony of a qualified witness. Fed. R. Evid. § 803(6).<br><br>Neither the original entrant of a regular business record entry nor the individual possessing personal knowledge of the event itself need be produced nor identified. *U.S. v. Franks*, 939 F.2d 600, 602 (8th Cir. 1991). Rule 803(6) does not require that the witness testifying to the documents |

| | |
|---|---|
| | have personal knowledge of their preparation. *Id.*<br><br>A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept. *NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 (9th Cir. 1981).<br><br>Mr. Keith is qualified to express the meaning of Rash Curtis' business records which were made in the regular course of business.<br><br>**Evidence**<br><br>Declaration of Robert Keith, ¶¶ 1-3, 11, 13-18; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 07/17/14 entry, Rash Curtis 00005, 00007, 00008. |
| **Fact 10**. On July 18, 2014, Plaintiff John McBride called into Rash Curtis from the 9189 number and stated that he was in contact with his health insurance carrier, and requested a call back on the 9189 number from Rash Curtis.<br><br>**Evidence**<br>Declaration of Robert Keith ¶¶ 11, 14; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride 07/18/14 entry, Rash Curtis 5.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to the extent that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes.<br><br>Subject to the objections, disputed. Plaintiff declares that he "never asked Rash Curtis to call [him] at the 9189 Number."<br><br>**Evidence** | 10. Disputed.<br><br>Rash Curtis objects to McBride's Declaration on the basis that it fails to comply with 28 U.S.C. § 1746(2), by failing to contain the solemn swear to the truth of the declaration under penalty of perjury.<br><br>As to Plaintiff's objection that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes, no such first-hand knowledge is required.<br><br>A record of an act, event, condition, opinion, or diagnosis is not inadmissible if the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; and all of these conditions are shown by the testimony of a qualified witness. Fed. R. |

| | |
|---|---|
| McBride Decl. ¶ 5; Keith Decl. ¶¶ 11, 14. | Evid. § 803(6).<br><br>Neither the original entrant of a regular business record entry nor the individual possessing personal knowledge of the event itself need be produced nor identified. *U.S. v. Franks,* 939 F.2d 600, 602 (8th Cir. 1991). Rule 803(6) does not require that the witness testifying to the documents have personal knowledge of their preparation. *Id.*<br><br>A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept. *NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 (9th Cir. 1981).<br><br>Mr. Keith is qualified to express the meaning of Rash Curtis' business records which were made in the regular course of business.<br><br>Disputed, as to Plaintiff's claim that he never asked Rash Curtis to call him at the 9189 number.<br><br>Uncorroborated allegations and "self-serving testimony" do not create a genuine issue of material fact which can defeat summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment is appropriate against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the **burden of proof at trial**. *Celotex Corp. v. Catrett,* 106 S.Ct. 2548, 2550 (1986). Summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Id.* at 2555 (quoting Fed. R. Civ. Proc. 1).<br><br>Plaintiff's attempt to defeat summary judgment by submitting an uncorroborated, self-serving affidavit, under no oath, that is |

| | |
|---|---|
| | contrary to admissible business records does <u>not</u> create a genuine issue of material fact for trial; allowing this issue to go to a jury would violate the purpose of the Federal Rules of Civil Procedure by unfairly delaying justice to the costly detriment of Rash Curtis.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith, ¶¶ 1-3, 11, 13-18; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride 07/18/14 entry, Rash Curtis 00005. |
| **Fact 11.** On July 23, 2014, Plaintiff John McBride called Rash Curtis again from the 9189 number about Marianne's debts. He asked for a statement of all of his wife's outstanding accounts, and told Rash Curtis that he would pay the debt accounts the following week.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith ¶¶ 11, 15; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 07/23/14 entry, Rash Curtis 5.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to this statement as immaterial. The conversation Rash Curtis describes is unrelated to Plaintiff's TCPA, FDCPA and Rosenthal Act claims based on Defendant's repeated telephone calls to him without his prior express consent and over his and his counsel's requests to stop calling his cellular telephone.<br><br>Plaintiff further objects to the extent that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes.<br><br>Subject to the objection, undisputed that the | 11. Disputed.<br><br>Fact 11 is material to the propriety of Rash Curtis' attempts to re-establish contact with Plaintiff, which is relevant to Plaintiff's "call harassment" claims under the FDCPA and Rosenthal Act. Courts have consistently held that an alternative explanation for multiple calls being placed to a debtor, as opposed to intending to harass the debtor, is merely to establish contact. *See, e.g., Tucker v. The CBE Group, Inc.*, 710 F.Supp.2d 1301, 1305 (M.D. Fla. 2010); *Saltzman v. I.C. Systems, Inc.*, 2009 WL 3190359, at *7 (E.D. Mich. 2009); *Chavious v. The CBE Group, Inc.*, 2012 WL 113509, at *2 (E.D. NY 2012); *Jones v. Rash Curtis*, 2011 WL 2050195, at *2-3 (N.D. Cal. 2011).<br><br>"Absent egregious conduct…merely calling a debtor repeatedly, even multiple times in a single day, does not violate the FDCPA [e.g. no intent to harass or conduct the natural consequence of which is to harass]." *Hinderstein v. Advanced Call. Str. Techs.*, 2017 WL 751420 at *3 (C.D. Cal. 2017).<br><br>Here, although Plaintiff is not the debtor, he had called into Rash Curtis multiple times to discuss the debt of his wife, Marianne McBride. Plaintiff had made |

| | |
|---|---|
| Collection Notes contain a July 23, 2014 entry stating "MR CI QA MM TOLD DTR ABOUT BIF SD HE NEEDS A STATEMENT FOR ALL BILLS SO HE CAN PAY ALL BILLS NEXT WEEK – SENT DTR STATEMENTS TO EMAIL . . . KS"<br><br>**<u>Evidence</u>**<br>Keith Decl. ¶¶ 11, 15; Collection Notes at RASH CURTIS 00005. | affirmative representations to Rash Curtis that he was trying to find someone to help her pay off her accounts so <u>his</u> health savings account could reimburse him. He told Rash Curtis that he was in contact with <u>his</u> insurance carrier, as to coverage for Marianne McBride's debts. He told Rash Curtis that <u>he</u> planned on paying off Marianne McBride's debts. After calling into Rash Curtis and making these affirmations, Plaintiff stopped communicating with Rash Curtis. Because Plaintiff told Rash Curtis that he would pay off these debts, and then ceased communication, it naturally follows that Rash Curtis' calls to Plaintiff were attempts to re-establish contact with Plaintiff as to his promise to pay off his wife's debts, and not for the purpose of harassing him. Rash Curtis admits that Plaintiff is not personally responsible for these debts, but because Plaintiff told Rash Curtis he intended to pay these debts for his wife, Rash Curtis only intended to follow up on that promise, and was not acting egregiously by attempting to contact Plaintiff.<br><br>Disputed, as to Plaintiff's objection that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes, no such first-hand knowledge is required.<br><br>A record of an act, event, condition, opinion, or diagnosis is not inadmissible if the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; and all of these conditions are shown by the testimony of a qualified witness. Fed. R. Evid. § 803(6).<br><br>Neither the original entrant of a regular business record entry nor the individual |

| | |
|---|---|
| | possessing personal knowledge of the event itself need be produced nor identified. *U.S. v. Franks*, 939 F.2d 600, 602 (8th Cir. 1991). Rule 803(6) does not require that the witness testifying to the documents have personal knowledge of their preparation. *Id.*<br><br>A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept. *NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 (9th Cir. 1981).<br><br>Mr. Keith is qualified to express the meaning of Rash Curtis' business records which were made in the regular course of business.<br><br>**Evidence**<br>Declaration of Robert Keith, ¶¶ 1-3, 11, 13-18; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 07/23/14 entry, Rash Curtis 00005. |
| **Fact 12**. On July 23, 2014, Rash Curtis emailed a statement of the debt accounts following the July 23, 2014 call.<br><br>**Evidence**<br>Declaration of Robert Keith ¶¶ 11, 16; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 07/23/14 entry, Rash Curtis 5, 7.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to this statement as immaterial. Whether Rash Curtis "emailed a statement of the debt accounts following the July 23, 2014 call" to some unidentified person, is unrelated to Plaintiff's TCPA, FDCPA and Rosenthal Act claims based on Defendant's repeated telephone calls to him without his prior express consent and over his and his counsel's requests to stop calling his | 12. Disputed.<br><br>Fact 12 is material to the propriety of Rash Curtis' attempts to re-establish contact with Plaintiff, which is relevant to Plaintiff's "call harassment" claims under the FDCPA and Rosenthal Act. Courts have consistently held that an alternative explanation for multiple calls being placed to a debtor, as opposed to intending to harass the debtor, is merely to establish contact. *See, e.g., Tucker v. The CBE Group, Inc.*, 710 F.Supp.2d 1301, 1305 (M.D. Fla. 2010); *Saltzman v. I.C. Systems, Inc.*, 2009 WL 3190359, at *7 (E.D. Mich. 2009); *Chavious v. The CBE Group, Inc.*, 2012 WL 113509, at *2 (E.D. NY 2012); *Jones v. Rash Curtis*, 2011 WL 2050195, at *2-3 (N.D. Cal. 2011).<br><br>"Absent egregious conduct…merely calling a debtor repeatedly, even multiple |

| | |
|---|---|
| cellular telephone.<br><br>In addition, Plaintiff objects to the extent that Rash Curtis failed to submit an actual copy of the purported email it sent to some unidentified person.<br><br>Plaintiff further objects to the extent that Robert Keith does not claim to have any first-hand knowledge of the email, and merely bases his declaration on Rash Curtis's Collection Notes.<br><br>Subject to the objection, undisputed that the Collection Notes contain a July 23, 2014 entry stating "SENT DTR STATEMENTS TO EMAIL . . . KS"<br><br>**Evidence**<br>Keith Decl. ¶¶ 11, 16; Collection Notes at RASH CURTIS 00005. | times in a single day, does not violate the FDCPA [e.g. no intent to harass or conduct the natural consequence of which is to harass]." *Hinderstein v. Advanced Call. Str. Techs.*, 2017 WL 751420 at *3 (C.D. Cal. 2017).<br><br>Here, although Plaintiff is not the debtor, he had called into Rash Curtis multiple times to discuss the debt of his wife, Marianne McBride. Plaintiff had made affirmative representations to Rash Curtis that he was trying to find someone to help her pay off her accounts so his health savings account could reimburse him. He told Rash Curtis that he was in contact with his insurance carrier, as to coverage for Marianne McBride's debts. He told Rash Curtis that he planned on paying off Marianne McBride's debts. After calling into Rash Curtis and making these affirmations, Plaintiff stopped communicating with Rash Curtis. Because Plaintiff told Rash Curtis that he would pay off these debts, and then ceased communication, it naturally follows that Rash Curtis' calls to Plaintiff were attempts to re-establish contact with Plaintiff as to his promise to pay off his wife's debts, and not for the purpose of harassing him. Rash Curtis admits that Plaintiff is not personally responsible for these debts, but because Plaintiff told Rash Curtis he intended to pay these debts for his wife, Rash Curtis only intended to follow up on that promise, and was not acting egregiously by attempting to contact Plaintiff.<br><br>By emailing an itemized statement to the email address of record associated with the account, Rash Curtis was attempting to help the parties quickly resolve this matter.<br><br>An email record of an itemized statement could be tendered to Plaintiff's insurance, as *he* had suggested he may do, and may serve to isolate and dispose of any disputes about what amounts were owed by |

| | |
|---|---|
| | Marianne McBride.<br><br>Disputed, as to Plaintiff's objection that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes, no such first-hand knowledge is required.<br><br>A record of an act, event, condition, opinion, or diagnosis is not inadmissible if the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; and all of these conditions are shown by the testimony of a qualified witness. Fed. R. Evid. § 803(6).<br><br>Neither the original entrant of a regular business record entry nor the individual possessing personal knowledge of the event itself need be produced nor identified. *U.S. v. Franks*, 939 F.2d 600, 602 (8th Cir. 1991). Rule 803(6) does not require that the witness testifying to the documents have personal knowledge of their preparation. *Id.*<br><br>A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept. *NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 (9th Cir. 1981).<br><br>Mr. Keith is qualified to express the meaning of Rash Curtis' business records which were made in the regular course of business.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith, ¶¶ 1-3, 11, 13-18; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 07/23/14 entry, Rash Curtis 00005, 00007. |

| | |
|---|---|
| **Fact 13.** On August 12, 2014, Plaintiff John McBride called into Rash Curtis from the 9189 number and again indicated that he planned on paying off his wife Marianne's debts.<br><br>**<u>Evidence</u>**<br><br>Declaration of Robert Keith ¶¶ 11, 17; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 08/12/14 entry, Rash Curtis 9.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to this statement as immaterial. The conversation Rash Curtis describes is unrelated to Plaintiff's TCPA, FDCPA and Rosenthal Act claims based on Defendant's repeated telephone calls to him without his prior express consent and over his and his counsel's requests to stop calling his cellular telephone.<br><br>Plaintiff further objects to the extent that Robert Keith does not claim to have any first-hand knowledge of the conversation described, or who called in, and merely bases his declaration on Rash Curtis's Collection Notes.<br><br>Subject to the objection, undisputed that the Collection Notes contain an August 12, 2014 entry stating "CI 9189 TT MR MM QA SD THT HE NEEDS IZ WILL RQST IT SD THT HE PLANS ON PYINY THESE ONCE HE GETS IT SH."<br><br>**<u>Evidence</u>**<br><br>Keith Decl. ¶¶ 11, 17; Collection Notes at RASH CURTIS 00009. | 13. Disputed.<br><br>Fact 13 is material to the propriety of Rash Curtis' attempts to re-establish contact with Plaintiff, which is relevant to Plaintiff's "call harassment" claims under the FDCPA and Rosenthal Act. Courts have consistently held that an alternative explanation for multiple calls being placed to a debtor, as opposed to intending to harass the debtor, is merely to establish contact. *See, e.g., Tucker v. The CBE Group, Inc.*, 710 F.Supp.2d 1301, 1305 (M.D. Fla. 2010); *Saltzman v. I.C. Systems, Inc.*, 2009 WL 3190359, at *7 (E.D. Mich. 2009); *Chavious v. The CBE Group, Inc.*, 2012 WL 113509, at *2 (E.D. NY 2012); *Jones v. Rash Curtis*, 2011 WL 2050195, at *2-3 (N.D. Cal. 2011).<br><br>"Absent egregious conduct…merely calling a debtor repeatedly, even multiple times in a single day, does not violate the FDCPA [e.g. no intent to harass or conduct the natural consequence of which is to harass]." *Hinderstein v. Advanced Call. Str. Techs.*, 2017 WL 751420 at *3 (C.D. Cal. 2017).<br><br>Here, although Plaintiff is not the debtor, he had called into Rash Curtis multiple times to discuss the debt of his wife, Marianne McBride. Plaintiff had made affirmative representations to Rash Curtis that he was trying to find someone to help her pay off her accounts so <u>his</u> health savings account could reimburse him. He told Rash Curtis that he was in contact with <u>his</u> insurance carrier, as to coverage for Marianne McBride's debts. He told Rash Curtis that <u>he</u> planned on paying off Marianne McBride's debts. After calling into Rash Curtis and making these affirmations, Plaintiff stopped communicating with Rash Curtis. Because Plaintiff told Rash Curtis that he would pay |

| | |
|---|---|
| | off these debts, and then ceased communication, it naturally follows that Rash Curtis' calls to Plaintiff were attempts to re-establish contact with Plaintiff as to his promise to pay off his wife's debts, and not for the purpose of harassing him. Rash Curtis admits that Plaintiff is not personally responsible for these debts, but because Plaintiff told Rash Curtis he intended to pay these debts for his wife, Rash Curtis only intended to follow up on that promise, and was not acting egregiously by attempting to contact Plaintiff.<br><br>Disputed, as to Plaintiff's objection that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes, no such first-hand knowledge is required.<br><br>A record of an act, event, condition, opinion, or diagnosis is not inadmissible if the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; and all of these conditions are shown by the testimony of a qualified witness. Fed. R. Evid. § 803(6).<br><br>Neither the original entrant of a regular business record entry nor the individual possessing personal knowledge of the event itself need be produced nor identified. *U.S. v. Franks,* 939 F.2d 600, 602 (8th Cir. 1991). Rule 803(6) does not require that the witness testifying to the documents have personal knowledge of their preparation. *Id.*<br><br>A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept. *NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 (9th Cir. 1981). |

| | |
|---|---|
| | Mr. Keith is qualified to express the meaning of Rash Curtis' business records which were made in the regular course of business.<br><br>**<u>Evidence</u>**<br><br>Declaration of Robert Keith, ¶¶ 1-3, 11, 13-18; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 08/12/14 entry, Rash Curtis 00009. |
| **Fact 14**. Rash Curtis made its first outbound call to 9189 on August 14, 2014. Plaintiff answered and said he would be receiving an insurance check for the owed balance, but declined to make a payment at that time. He did not request Rash Curtis not call the 9189 number.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith ¶¶ 11, 18; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 08/14/14 entry, Rash Curtis 9.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to this statement as immaterial. The conversation Rash Curtis describes is unrelated to Plaintiff's TCPA, FDCPA and Rosenthal Act claims based on Defendant's repeated telephone calls to him without his prior express consent and over his and his counsel's requests to stop calling his cellular telephone.<br><br>Plaintiff further objects to the extent that Robert Keith does not claim to have any first-hand knowledge of the conversation described, and merely bases his declaration on Rash Curtis's Collection Notes.<br><br>Subject to the objection, undisputed that on August 14, 2014, Rash Curtis began placing outbound calls to Plaintiff's 9189 Number with | 14. Disputed.<br><br>Fact 14 is material to the propriety of Rash Curtis' attempts to re-establish contact with Plaintiff, which is relevant to Plaintiff's "call harassment" claims under the FDCPA and Rosenthal Act. Courts have consistently held that an alternative explanation for multiple calls being placed to a debtor, as opposed to intending to harass the debtor, is merely to establish contact. *See, e.g., Tucker v. The CBE Group, Inc.*, 710 F.Supp.2d 1301, 1305 (M.D. Fla. 2010); *Saltzman v. I.C. Systems, Inc.*, 2009 WL 3190359, at *7 (E.D. Mich. 2009); *Chavious v. The CBE Group, Inc.*, 2012 WL 113509, at *2 (E.D. NY 2012); *Jones v. Rash Curtis*, 2011 WL 2050195, at *2-3 (N.D. Cal. 2011).<br><br>"Absent egregious conduct…merely calling a debtor repeatedly, even multiple times in a single day, does not violate the FDCPA [e.g. no intent to harass or conduct the natural consequence of which is to harass]." *Hinderstein v. Advanced Call. Str. Techs.*, 2017 WL 751420 at *3 (C.D. Cal. 2017).<br><br>Here, although Plaintiff is not the debtor, he had called into Rash Curtis multiple times to discuss the debt of his wife, Marianne McBride. Plaintiff had made affirmative representations to Rash Curtis that he was trying to find someone to help |

| | |
|---|---|
| its Global Connect Dialer.<br><br>Also undisputed that the Collection Notes contain an August 14, 2014 entry stating "GLB9189 TT MR ID ACCT MMQA MR SD WILL BE GETTING AN INS CHK FOR BAL RFSD TO MKNG A PYMNT KNW TRN T\O MR HUP JM"<br><br>**Evidence**<br>Keith Decl. ¶¶ 11, 18; Collection Notes at RASH CURTIS 00009. | her pay off her accounts so his health savings account could reimburse him. He told Rash Curtis that he was in contact with his insurance carrier, as to coverage for Marianne McBride's debts. He told Rash Curtis that he planned on paying off Marianne McBride's debts. After calling into Rash Curtis and making these affirmations, Plaintiff stopped communicating with Rash Curtis. Because Plaintiff told Rash Curtis that he would pay off these debts, and then ceased communication, it naturally follows that Rash Curtis' calls to Plaintiff were attempts to re-establish contact with Plaintiff as to his promise to pay off his wife's debts, and not for the purpose of harassing him. Rash Curtis admits that Plaintiff is not personally responsible for these debts, but because Plaintiff told Rash Curtis he intended to pay these debts for his wife, Rash Curtis only intended to follow up on that promise, and was not acting egregiously by attempting to contact Plaintiff.<br><br>Disputed, as to Plaintiff's objection that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes, no such first-hand knowledge is required.<br><br>A record of an act, event, condition, opinion, or diagnosis is not inadmissible if the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; and all of these conditions are shown by the testimony of a qualified witness. Fed. R. Evid. § 803(6).<br><br>Neither the original entrant of a regular business record entry nor the individual possessing personal knowledge of the event itself need be produced nor identified. *U.S.* |

| | |
|---|---|
| | *v. Franks*, 939 F.2d 600, 602 (8th Cir. 1991). Rule 803(6) does not require that the witness testifying to the documents have personal knowledge of their preparation. *Id.*<br><br>A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept. *NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 (9th Cir. 1981).<br><br>Mr. Keith is qualified to express the meaning of Rash Curtis' business records which were made in the regular course of business.<br><br>**Evidence**<br>Declaration of Robert Keith, ¶¶ 1-3, 11, 13-18; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 08/14/14 entry, Rash Curtis 00009. |
| **Fact 15.** Between August 14, 2014 and February 18, 2016, a period of over eighteen months, Rash Curtis placed 45 calls to the 9189 number about Marianne's debt accounts.<br><br>**Evidence**<br>Declaration of Robert Keith ¶¶ 11, 19; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 9-13.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | 15. Undisputed. |
| **Fact 16.** Virtually none of the calls to the 9189 number between August 14, 2014 and February 18, 2016 were answered or went through.<br><br>**Evidence**<br>Declaration of Robert Keith ¶¶ 11, 19; Exhibit 4, Rash Curtis' Collection Notes/Business | 16. Disputed.<br><br>Rash Curtis objects to McBride's Declaration on the basis it fails to comply with 28 U.S.C. § 1746(2), by failing to contain the solemn swear to the truth of the declaration under penalty of perjury. |

| | |
|---|---|
| Record as to its collection efforts for Marianne McBride, Rash Curtis 9-13.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to the extent that Rash Curtis's contention that virtually none of the calls "went through" is vague and unclear.<br><br>Subject to the objections, disputed. Aside from the two instances in which Plaintiff answered Rash Curtis's calls and asked it to stop calling him, the Collection Notes reflect eighteen (18) additional instances in which Rash Curtis's Global Connect dialer called the 9189 Number and Rash Curtis notated "PHONE ANSWERD NO LINKBACK." During each of those calls, Plaintiff answered the broadcasted message by Global Connect but did not press a button to connect the call back to Defendant's call center.<br><br>Rash Curtis also admits that "Plaintiff might hear a prerecorded and/or artificial voice upon answering the call, or [a] prerecorded and/or artificial voice might have been left on Plaintiff's voicemail and/or answering machine where the collection notes indicate 'PHONE ANSWERD NO LINKBACK' or 'LMOM'."<br><br>**<u>Evidence</u>**<br>Collection Notes at RASH CURTIS 00009-13; Kent Decl., <u>Exhibit C</u> (Global Connect User Manual) at RASHCURTIS00033 ("Link Back Ext – The ability exists to link back to the call center and dial the CSR's extension at their desk or to your hunt group."); Kent Decl., <u>Exhibit A</u> (Def. Response to Interrogatory No. 8); McBride Decl. ¶¶ 6-7. | The statement is not vague or unclear based on the evidence which supports it. The statement made reference to, and is supported by, clear and unambiguous facts which are documented in Rash Curtis' business records. "Went through," in the context of whether a telephone call connected, plainly means whether the call was answered by a person *or* voicemail machine. Plaintiff's dispute based on vagueness is irrelevant because Rash Curtis' business records reflect with specificity that which the objected-to statement fairly summarized.<br><br>Disputed, as to the assertion that Plaintiff told Rash Curtis to stop calling him during any of these calls.<br><br>Uncorroborated allegations and "self-serving testimony" do not create a genuine issue of material fact which can defeat summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment is appropriate against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the **<u>burden of proof at trial</u>**. *Celotex Corp. v. Catrett,* 106 S.Ct. 2548, 2550 (1986). Summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Id.* at 2555 (quoting Fed. R. Civ. Proc. 1).<br><br>Plaintiff's attempt to defeat summary judgment by submitting an uncorroborated, self-serving affidavit, under no oath, that is contrary to admissible business records does <u>not</u> create a genuine issue of material fact for trial; allowing this issue to go to a jury would violate the purpose of the Federal Rules of Civil Procedure by unfairly delaying justice to the costly detriment of Rash Curtis. |

| | |
|---|---|
| | Disputed, to the extent that Plaintiff alleges any messages were left which are not reflected in Rash Curtis' Business Records.<br><br>"When the [party moving for summary judgment] has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 106 S.Ct. 1348, 1356 (1986).<br><br>Plaintiff has not presented any admissible evidence which establishes that any messages or calls were placed by Rash Curtis and received by Plaintiff at the 9189 number which are not accurately reflected in Rash Curtis' Business Records.<br><br>Disputed, to the extent that Plaintiff implies TCPA liability exists for any call which he cannot prove an artificial or prerecorded voice message actually played.<br><br>"[M]aking a call in which a prerecorded voice might, but does not, play is not a violation of the TCPA." *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 641 (5th Cir. 2015).<br><br>**Evidence**<br>Declaration of Robert Keith, ¶¶ 1-3, 11, 19; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 00009-00013. |
| **Fact 17.** On August 13, 2015, Rash Curtis called the 9189 number, and Plaintiff John McBride and Marianne McBride answered simultaneously. They told the Rash Curtis collector that they had paid off the debts entirely, but this was not true. Ms. McBride still owed on at least ten accounts. | 17. Disputed.<br><br>Rash Curtis objects to McBride's Declaration on the basis that it fails to comply with 28 U.S.C. § 1746(2), by failing to contain the solemn swear to the truth of the declaration under penalty of perjury. |

| | |
|---|---|
| **Evidence**<br>Declaration of Robert Keith ¶¶ 10-11, 19; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 08/13/15 entry, Rash Curtis 12.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to the extent that Robert Keith does not claim to have any first-hand knowledge of the conversation described, and merely bases his declaration on Rash Curtis's Collection Notes.<br><br>Subject to the objection, disputed to the extent that this statement suggests that the description of the August 13, 2015 conversation includes *all* matters discussed. In fact, during the August 13, 2015 conversation, Plaintiff also "asked [Rash Curtis] to stop calling the 9189 Number."<br><br>Otherwise undisputed that "[o]n or about August 13, 2015, [Plaintiff] answered one of Rash Curtis's telephone calls and [his] wife and [he] informed Rash Curtis that [they] did not believe [Plaintiff's] wife owed them any money and asked them to stop calling the 9189 Number."<br><br>**Evidence**<br><br>McBride Decl. ¶ 6; Keith Decl. ¶¶ 10-11, 19; Collection Notes. | As to Plaintiff's objection that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes, no such first-hand knowledge is required.<br><br>A record of an act, event, condition, opinion, or diagnosis is not inadmissible if the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; and all of these conditions are shown by the testimony of a qualified witness. Fed. R. Evid. § 803(6).<br><br>Neither the original entrant of a regular business record entry nor the individual possessing personal knowledge of the event itself need be produced nor identified. *U.S. v. Franks*, 939 F.2d 600, 602 (8th Cir. 1991). Rule 803(6) does not require that the witness testifying to the documents have personal knowledge of their preparation. *Id.*<br><br>A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept. *NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 (9th Cir. 1981).<br><br>Mr. Keith is qualified to express the meaning of Rash Curtis' business records which were made in the regular course of business.<br><br>Disputed, to the extent that Plaintiff asked Rash Curtis to stop calling him during any of the calls to the 9189 number in question.<br><br>Uncorroborated allegations and "self-serving testimony" do not create a genuine issue of material fact which can defeat |

| | |
|---|---|
| | summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment is appropriate against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the **burden of proof at trial**. *Celotex Corp. v. Catrett,* 106 S.Ct. 2548, 2550 (1986). Summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Id.* at 2555 (quoting Fed. R. Civ. Proc. 1).<br><br>Plaintiff's attempt to defeat summary judgment by submitting an uncorroborated, self-serving affidavit, under no oath, that is contrary to admissible business records does not create a genuine issue of material fact for trial; allowing this issue to go to a jury would violate the purpose of the Federal Rules of Civil Procedure by unfairly delaying justice to the costly detriment of Rash Curtis.<br><br>**Evidence**<br>Declaration of Robert Keith, ¶¶ 1-3, 10-11, 19; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 08/13/15 entry, Rash Curtis 00012. |
| **Fact 18.** On October 19, 2015, Plaintiff answered a call from Rash Curtis and advised Rash Curtis that 9189 was his number. Plaintiff did not tell Rash Curtis to quit calling during this conversation.<br><br>**Evidence**<br>Declaration of Robert Keith ¶¶ 5, 11, 19; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 10/19/15 entry, Rash Curtis 13.<br><br>**OPPOSING PARTY'S RESPONSE AND** | 18. Disputed.<br><br>Rash Curtis objects to McBride's Declaration on the basis that it fails to comply with 28 U.S.C. § 1746(2), by failing to contain the solemn swear to the truth of the declaration under penalty of perjury.<br><br>As to Plaintiff's objection that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash |

| **SUPPORTING EVIDENCE**<br><br>Plaintiff objects to the extent that Robert Keith does not claim to have any first-hand knowledge of the conversation described, and merely bases his declaration on Rash Curtis's Collection Notes.<br><br>Subject to the objection, disputed. Plaintiff declares that "On or about October 19, 2015, while [Plaintiff] was working on a ladder, [Plaintiff] answered another one of Rash Curtis's calls, told Rash Curtis that [his] wife cannot be reached at the 9189 Number, and asked Rash Curtis again to stop calling [him]."<br><br>**<u>Evidence</u>**<br>McBride Decl. ¶ 7; Keith Decl. ¶¶ 5, 11, 19; Collection Notes. | Curtis's Collection Notes, no such first-hand knowledge is required.<br><br>A record of an act, event, condition, opinion, or diagnosis is not inadmissible if the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; and all of these conditions are shown by the testimony of a qualified witness. Fed. R. Evid. § 803(6).<br><br>Neither the original entrant of a regular business record entry nor the individual possessing personal knowledge of the event itself need be produced nor identified. *U.S. v. Franks*, 939 F.2d 600, 602 (8th Cir. 1991). Rule 803(6) does not require that the witness testifying to the documents have personal knowledge of their preparation. *Id.*<br><br>A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept. *NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 (9th Cir. 1981).<br><br>Mr. Keith is qualified to express the meaning of Rash Curtis' business records which were made in the regular course of business.<br><br>Disputed, to the extent that Plaintiff asked Rash Curtis to stop calling him during any of the calls to the 9189 number in question.<br><br>Uncorroborated allegations and "self-serving testimony" do not create a genuine issue of material fact which can defeat summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment is appropriate against a party who fails to demonstrate facts sufficient to establish an |
|---|---|

| | |
|---|---|
| | element essential to his case when that party will ultimately bear the **<u>burden of proof at trial</u>**. *Celotex Corp. v. Catrett,* 106 S.Ct. 2548, 2550 (1986). Summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Id.* at 2555 (quoting Fed. R. Civ. Proc. 1).<br><br>Plaintiff's attempt to defeat summary judgment by submitting an uncorroborated, self-serving affidavit, under no oath, that is contrary to admissible business records does <u>not</u> create a genuine issue of material fact for trial; allowing this issue to go to a jury would violate the purpose of the Federal Rules of Civil Procedure by unfairly delaying justice to the costly detriment of Rash Curtis.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith, ¶¶ 1-3, 5, 11, 19; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 10/19/15 entry, Rash Curtis 00013. |
| **Fact 19.** Neither Plaintiff nor his wife Marianne McBride ever told Rash Curtis to "quit calling."<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith ¶¶ 5, 11, 19; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 5-13.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to the extent that Robert Keith does not claim to have any first-hand knowledge of the conversation described, and merely bases his declaration on Rash Curtis's | 19. Disputed.<br><br>Rash Curtis objects to McBride's Declaration on the basis that it fails to comply with 28 U.S.C. § 1746(2), by failing to contain the solemn swear to the truth of the declaration under penalty of perjury.<br><br>As to Plaintiff's objection that Robert Keith does not claim to have any first-hand knowledge of the conversation described and merely bases his declaration on Rash Curtis's Collection Notes, no such first-hand knowledge is required.<br><br>A record of an act, event, condition, opinion, or diagnosis is not inadmissible if |

| | |
|---|---|
| Collection Notes.<br><br>Subject to the objection, disputed. Plaintiff asked Rash Curtis to stop calling the 9189 Number on or about August 13, 2015 and October 19, 2015.<br><br>**<u>Evidence</u>**<br><br>McBride Decl. ¶¶ 6-7; Keith Decl. ¶¶ 5, 11, 19; Collection Notes. | the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; and all of these conditions are shown by the testimony of a qualified witness. Fed. R. Evid. § 803(6).<br><br>Neither the original entrant of a regular business record entry nor the individual possessing personal knowledge of the event itself need be produced nor identified. *U.S. v. Franks*, 939 F.2d 600, 602 (8th Cir. 1991). Rule 803(6) does not require that the witness testifying to the documents have personal knowledge of their preparation. *Id.*<br><br>A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept. *NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 (9th Cir. 1981).<br><br>Mr. Keith is qualified to express the meaning of Rash Curtis' business records which were made in the regular course of business.<br><br>Disputed, to the extent that Plaintiff asked Rash Curtis to stop calling him during any of the calls to the 9189 number in question.<br><br>Uncorroborated allegations and "self-serving testimony" do not create a genuine issue of material fact which can defeat summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment is appropriate against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the **<u>burden of proof at trial</u>**. *Celotex Corp. v. Catrett,* 106 S.Ct. 2548, 2550 (1986). Summary judgment is not a "disfavored procedural |

| | |
|---|---|
| | shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Id.* at 2555 (quoting Fed. R. Civ. Proc. 1).<br><br>Plaintiff's attempt to defeat summary judgment by submitting an uncorroborated, self-serving affidavit, under no oath, that is contrary to admissible business records does not create a genuine issue of material fact for trial; allowing this issue to go to a jury would violate the purpose of the Federal Rules of Civil Procedure by unfairly delaying justice to the costly detriment of Rash Curtis.<br><br>**Evidence**<br>Declaration of Robert Keith, ¶¶ 1-3, 5, 11, 19; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 00005-00013. |
| **Fact 20.** After the October 19, 2015 call, Rash Curtis had no further conversations with Plaintiff.<br><br>**Evidence**<br>Declaration of Robert Keith ~¶ 11, 22; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 13.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | 20. Undisputed. |
| **Fact 21.** After the October 19, 2015 interaction and before November 17, 2015, Rash Curtis placed two more calls to 9189, both of which were dialed manually, and neither call was answered.<br><br>**Evidence**<br>Declaration of Robert Keith ¶¶ 11, 23; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne | 21. Undisputed. |

| | |
|---|---|
| McBride, 10/26/15 entry and 11/03/15 entry, Rash Curtis 13.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | |
| **Fact 22.** On October 26, 2015, Rash Curtis manually dialed 9189. No one answered, and Rash Curtis left a "live" recorded message for Plaintiff. This was noted contemporaneously by the collector who placed the call, and initialed the call log as "AF."<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith ¶¶ 11, 23; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 10/26/15 entry, Rash Curtis 13.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | 22. Undisputed. |
| **Fact 23.** On November 3, 2015, Rash Curtis manually dialed 9189. No one answered, and no message was left. This was noted contemporaneously by the collector who placed the call, and initialed the call log as "AT."<br><br>**<u>Evidence</u>**<br><br>Declaration of Robert Keith ~¶ 11, 23; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, 11/03/15 entry, Rash Curtis 13.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | 23. Undisputed. |
| **Fact 24:** On November 17, 2015, Rideout updated its patient notes for Marianne McBride to reflect that Marianne had provided 9189 to Rideout as her correct contact number. This information was transmitted to Rash Curtis. | 24. Disputed.<br><br>Rash Curtis objects to McBride's Declaration on the basis that it fails to comply with 28 U.S.C. § 1746(2), by |

| | |
|---|---|
| The 9189 number is shared between Plaintiff John McBride and his wife.<br><br>**Evidence**<br>Declaration of Robert Keith ¶ 8; Exhibit 5, Patient Notes for Marianne McBride from Freemont-Rideout Health Group, Rash Curtis 14.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to this statement to the extent that the cited evidence does not support Rash Curtis's contention that "Rideout updated its patient notes for Marianne McBride to reflect that Marianne had provided the 9189 to Rideout as her correct contact number." Robert Keith solely bases paragraph 8 of his declaration on a copy of the Patient Notes ("The information provided from Rideout to Rash Curtis indicates . . ."). However, the portion of the Patient Notes Rash Curtis refers to merely states "Phone number changed from 630-XXX-0906 to 530-XXX-9189." The document *does not* indicate, on its own, that "Marianne had provided the 9189 [number] to Rideout as her correct contact number." At most, it reflects that someone at Rideout associated the 9189 Number with Marianne.<br><br>Subject to the objections, disputed to the extent it suggests that Rash Curtis obtained a copy of the Patient Notes on November 17, 2015, or otherwise obtained the Patient Notes while it was calling the 9189 Number. In fact, Robert Keith declares that the Patient Notes are "dated August 4, 2016," yet the last call Rash Curtis placed to Plaintiff was on February 18, 2016, more than five (5) months before Rash Curtis received the Patient Notes.<br><br>Additionally disputed that the 9189 Number is shared between Plaintiff and his wife. In fact, the 9189 Number is solely Plaintiff's cellular telephone number; he is "the only person who uses the 9189 Number, and it is [his] only cellular telephone number." | failing to contain the solemn swear to the truth of the declaration under penalty of perjury.<br><br>Plaintiff's dispute is irrelevant. Third-party debt collectors are not responsible for errors as to whether express consent has been provided to a creditor:<br><br>"**<u>Calls placed by a third-party debt collector on behalf of [a] creditor are treated as if the creditor itself placed the call</u>**. Furthermore, *if there is a question as to whether express consent has been provided*, the burden is on **<u>the creditor [and not the third-party debt collector]</u>** on whose behalf the call is made, and **<u>the creditor [and not the third-party debt collector] bears responsibility for violations</u>** of FCC rules for calls made on its behalf." *Chyba v. First Fin. Asset Mgmt., Inc.*, 2014 WL 1744136, at *10 (S.D. Cal. 2014), aff'd, 671 F.App'x 989 (9th Cir. 2016) (internal citations omitted, emphasis added).<br><br>Because calls placed by a third-party debt collector on behalf of a creditor are treated as if the creditor itself placed the call, it is irrelevant when Rideout notified Rash Curtis that it updated its notes to reflect that the 9189 number was a correct number for Marianne McBride; the knowledge is imputed by operation of law. Rash Curtis was standing in the shoes of Rideout, and any mistake as to whether prior express consent has been provided is borne by the creditor and not the third-party debt collector.<br><br>Disputed, to the extent that Plaintiff implies Robert Keith's declaration about the date on the Patient Notes is for any reason other than identifying the document, and not when the Patient Notes were transmitted to Rash Curtis.<br><br>Disputed, to the extent that the 9189 |

| | |
|---|---|
| **Evidence**<br>Keith Decl. ¶¶ 8, 19; McBride Decl. ¶¶ 3-4; Collection Notes. | number is not shared between Plaintiff and his wife, and that Plaintiff is the only person who uses the 9189 number. *See* Fact 17 ("[U]ndisputed that '[o]n or about August 13, 2015, [Plaintiff] answered one of Rash Curtis's telephone calls and [his] wife and [he] informed Rash Curtis that [they] did not believe [Plaintiff's] wife owed them any money and asked them to stop calling the 9189 Number.'")<br><br>**Evidence**<br>Declaration of Robert Keith, ¶¶ 1-3, 8; Exhibit 5, Patient Notes for Marianne McBride from Freemont-Rideout Health Group, Rash Curtis 14; Exhibit 7, Verizon Wireless invoice for Marianne McBride dated October 16, 2015 (Rash Curtis 00033-00035). |
| **Fact 25.** Following the November 17, 2015 update to Ms. McBride's account with Rideout where her contact phone number was updated to the 9189 number, Rash Curtis placed seven more calls using "Global Connect" to the 9189 number, which were between December 9, 2015 and February 18, 2016. None of these calls were answered and no messages were left.<br><br>**Evidence**<br>Declaration of Robert Keith ¶¶ 11, 24; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 13.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Disputed to the extent it suggests that Rash Curtis obtained a copy of the Patient Notes on November 17, 2015. In fact, Robert Keith declares that the Patient Notes are "dated August 4, 2016."<br><br>Disputed that none of the calls placed between November 17, 2015 and December 9, 2015 were answered and no messages were left. The Collection Notes state "PHONE ANSWERD | 25. Disputed.<br><br>Disputed, to the extent that Plaintiff implies Robert Keith's declaration about the date on the Patient Notes is for any reason other than identifying the document, and not when the Patient Notes were transmitted to Rash Curtis.<br><br>Disputed, to the extent that Plaintiff alleges any messages were left which are not reflected in Rash Curtis' Business Records.<br><br>"When the [party moving for summary judgment] has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).<br><br>Disputed, to the extent that Plaintiff implies TCPA liability exists for any call which he cannot prove an artificial or prerecorded voice message actually played. |

| | |
|---|---|
| NO LINKBACK" for each for each of those seven calls, meaning that Plaintiff answered the broadcasted message by Global Connect but did not press a button to connect the call back to Defendant's call center. Rash Curtis also admits that "Plaintiff might hear a prerecorded and/or artificial voice upon answering the call, or [a] prerecorded and/or artificial voice might have been left on Plaintiff's voicemail and/or answering machine where the collection notes indicate 'PHONE ANSWERD NO LINKBACK' or 'LMOM'."<br><br>Undisputed that Rash Curtis placed each of these calls with its Global Connect dialer.<br><br>**Evidence**<br>Collection Notes at RASH CURTIS 00013; Kent Decl., Exhibit C (Global Connect User Manual) at RASHCURTIS00033 ("Link Back Ext – The ability exists to link back to the call center and dial the CSR's extension at their desk or to your hunt group."); Kent Decl., Exhibit A (Def. Response to Interrogatory No. 8); Keith Decl. ¶ 8. | "[M]aking a call in which a prerecorded voice might, but does not, play is not a violation of the TCPA." *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 641 (5th Cir. 2015).<br><br>Plaintiff has not presented any admissible evidence which establishes that any messages or calls were placed by Rash Curtis and received by Plaintiff at the 9189 number which are not accurately reflected in Rash Curtis' Business Records.<br><br>**Evidence**<br>Declaration of Robert Keith, ¶¶ 1-3, 11, 24; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 00013. |
| **Fact 26.** A Verizon Wireless cellular family plan invoice for the billing period of September 17, 2015 through October 16, 2015 identifies the 9189 number as belonging to Marianne McBride rather than Plaintiff. This "unlimited" plan does not charge the subscriber for each call.<br><br>**Evidence**<br>Declaration of Mark E. Ellis ¶ 9; Exhibit 7, Verizon Wireless invoice for Marianne McBride dated October 16, 2015, Rash Curtis 34.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to this statement as immaterial given that the FCC has "concluded that the term 'called party' should be defined as 'the subscriber, i.e., the consumer assigned the | 26. Disputed.<br><br>Rash Curtis objects to McBride's Declaration on the basis that it fails to comply with 28 U.S.C. § 1746(2), by failing to contain the solemn swear to the truth of the declaration under penalty of perjury.<br><br>Disputed, to the extent that a cell phone service invoice must specifically state that a phone number "belongs" [sic] to the person whose name it is listed in connection with. Plaintiff's dispute is irrelevant; the Verizon invoice does not state that the 9189 number "belongs" [sic] to Plaintiff either. The invoice clearly connects John McBride to a phone number ending in 2503, and Marianne McBride to the 9189 number under the "Breakdown of |

| | |
|---|---|
| telephone number dialed and billed for the call, *or the non-subscriber customary user of a telephone number included in a family or business calling plan*.'" *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *2 (N.D. Cal. Jan. 8, 2016) (citing 2015 FCC Order at ¶ 73) (emphasis added). To that end, the 9189 Number is solely Plaintiff's cellular telephone number; he is "the only person who uses the 9189 Number, and it is [his] only cellular telephone number."<br><br>Subject to the objections, disputed that the Verizon bill "identifies the 9189 number as belonging to Marianne McBride rather than Plaintiff." The bill merely lists Marianne McBride's number under the 9189 Number; it does not state such number "belong[s]" to her or that she is the customary user of that number.<br><br>**Evidence**<br><br>McBride Decl. ¶¶ 3-4; Def. Exhibit 7. | Charges" section.<br><br>**Evidence**<br>Declaration of Mark E. Ellis, ¶ 9; Exhibit 7, Verizon Wireless invoice for Marianne McBride dated October 16, 2015, Rash Curtis 00033-00035 ("Summary for John McBride: 530-XXX-2503"). |
| **Fact 27.** Rash Curtis had no conversations with Plaintiff or Marianne McBride during the month of September 2015.<br><br>**Evidence**<br>Declaration of Robert Keith ¶¶ 11, 19; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 12-13.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTINGG EVIDENCE**<br><br>Undisputed. | 27. Undisputed |
| **Fact 28.** Since October 6, 2015, one year prior to the commencement of this action, Rash Curtis called the 9189 number 11 times and never called more than once per day. During this period, Plaintiff and Rash Curtis only had one conversation, which was on October 19, 2015, where Plaintiff told Rash Curtis that | 28. Disputed.<br><br>Rash Curtis objects to McBride's Declaration on the basis that it fails to comply with 28 U.S.C. § 1746(2), by failing to contain the solemn swear to the truth of the declaration under penalty of |

| | |
|---|---|
| 9189 was his number and then hung up.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith ¶¶ 11, 19-20; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 13.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Disputed that during the October 19, 2015 conversation, Plaintiff merely "told Rash Curtis that 9189 [number] was his number and then hung up." Rather, during this call Plaintiff additionally "asked Rach Curtis again to stop calling me."<br><br>Undisputed that since October 6, 2015, Rash Curtis placed 11 calls to the 9189 Number.<br><br>**<u>Evidence</u>**<br>McBride Decl. ¶ 7. | perjury.<br><br>Plaintiff's assertion that he "asked Rash Curtis again to stop calling [him]" is an uncorroborated, self-serving declaration that is contrary to the record of admissible evidence.<br><br>Uncorroborated allegations and "self-serving testimony" do not create a genuine issue of material fact which can defeat summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment is appropriate against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the **<u>burden of proof at trial</u>**. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2550 (1986). Summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Id.* at 2555 (quoting Fed. R. Civ. Proc. 1).<br><br>Plaintiff's attempt to defeat summary judgment by submitting an uncorroborated, self-serving affidavit, under no oath, that is contrary to admissible business records does <u>not</u> create a genuine issue of material fact for trial; allowing this issue to go to a jury would violate the purpose of the Federal Rules of Civil Procedure by unfairly delaying justice to the costly detriment of Rash Curtis.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith, ¶¶ 1-3, 11, 19-20; Exhibit 4, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Marianne McBride, Rash Curtis 00013. |
| **Fact 29.** Other than the calls which Rash Curtis manually dialed, all other calls placed to 9189 during the relevant time period were placed using "Global Connect." Global Connect has no ability to create random or | 29. Disputed.<br><br>Plaintiff's objection that Robert Keith's declaration fails to state a factual basis is inaccurate; the factual basis is that Global |

| | |
|---|---|
| sequential numbers, and only has the ability to dial numbers from a list which Rash Curtis loads into the dialer. Rash Curtis loaded the 9189 number into a call list with "Global Connect" which is how "Global Connect" was able to place calls to the 9189 number.<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith ¶ 26<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to the extent that paragraph 26 of Robert Keith's declaration – the only evidence cited – fails to state the factual basis for his conclusory statement that "Global Connect has no ability to create random or sequential numbers."<br><br>Subject to the objections, undisputed that aside two calls that Rash Curtis manually placed, the other forty-three (43) calls it placed were each placed with the Global Connect dialer, which can "dial numbers from a list which Rash Curtis loads into the dialer" and which Robert Keith refers to as a "predictive dialing system."<br><br>**<u>Evidence</u>**<br>Keith Decl. ¶¶ 24, 26 | Connect "only has the ability to dial numbers from a list which Rash Curtis loads into the dialer."<br><br>Robert Keith's declaration that "Global Connect has no ability to create random or sequential phone numbers and dial them; <u>it only has the ability to dial numbers from a list which Rash Curtis loads into the dialer</u>" is a statement of fact based on Mr. Keith's personal knowledge, and is not a "conclusory" judgment, but a specific fact to which he has personal knowledge based on his intimate and comprehensive familiarity of Rash Curtis' operations.<br><br>Plaintiff cites to no admissible evidence to refute Mr. Keith's declaration.<br><br>Disputed to the extent that Plaintiff implies the Court must undergo any inquiry into Global Connect's "potential capacity" to perform "ATDS" functions upon hypothetical software or hardware modifications which are not at issue and are wholly irrelevant to the facts of this case.<br><br>"The D.C. Circuit Court of Appeals' decision in *ACA Int'l v. FCC* forecloses Plaintiff's argument that the FCC's expansive interpretation of the term 'capacity' in its 2015 Order is binding on this Court. The Court thus declines to undergo an analysis of whether the [dialing system] had the *potential* capacity to operate as an autodialer in 2015." *Herrick v. GoDaddy.com LLC*, 2018 WL 2229131 at *5 (D. Ariz. 2018) (footnote omitted).<br><br>**<u>Evidence</u>**<br>Declaration of Robert Keith, ¶¶ 1, 2, 24, 26 ("[1] I am Executive Vice President of [Rash Curtis]. This declaration is based upon my own personal knowledge. If called upon to testify thereto, I am competent to do so. [2] I have been employed at Rash Curtis for more than 10 |

| | |
|---|---|
| | years in several capacities, and I am very familiar with Rash Curtis' collection policies and procedures. …[26]…Here, Rash Curtis created a call list in Global Connect, which is how Global Connect was given the 9189 number.") |

**Attestation**

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

Dated: May 24, 2018

ELLIS LAW GROUP LLP

By *_/s/ Mark E. Ellis_*
Mark E. Ellis
Attorney for Defendant
RASH CURTIS & ASSOCIATES