**1** TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd #588
**2** Phoenix, AZ 85018
Telephone: (480) 247-9644
**3** Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com
**4**
Of Counsel to
**5** Lemberg Law, LLC
A Connecticut Law Firm
**6** 43 Danbury Road
Wilton, CT 06897
**7** Telephone: (203) 653-2250
Facsimile: (203) 653-3424
**8**
**9**
Attorneys for Plaintiff,
**10** John McBride

**11**

**12** UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
**13**

**14** John McBride, | Case No.: 2:16-cv-02390-TLN-CKD

**15** Plaintiff, | **NOTICE OF SUPPLEMENTAL AUTHORITY**
**16**
vs.
**17**
Rash Curtis & Associates,
**18**
**19** Defendant.

**20**

**21** Plaintiff, John McBride ("Plaintiff") by and through his undersigned counsel, respectfully

**22** submits this Notice of Supplemental Authority to direct the Court to *McMillion v. Rash Curtis &*

**23** *Assocs.*, No. 16-CV-03396-YGR, 2018 WL 3023449 (N.D. Cal. June 18, 2018), *Swaney v. Regions*

**24** *Bank,* No. 13-00544, 2018 WL 2316452 (N.D. Ala. May 22, 2018) and *Maddox v. CBE Group, Inc.*,

**25** No. 17-1909, 2018 WL 2327037 (N.D. Ga. May 22, 2018).

**26** In *McMillion*, the Court held that "*ACA International* invalidated only the 2015 FCC

**27** Order—the court discusses but does not rule on the validity of the 2003 FCC Order or the 2008 FCC

**28**

Order." *McMillion*, 2018 WL 3023449, at *3 (citing *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 703 (D.C. Cir. 2018)). In addition, it held that "even if the D.C. Circuit had vacated the 2003 and 2008 FCC Orders, *ACA International* has no bearing on pre-existing Ninth Circuit precedent" in light of the Ninth Circuit's 2009 holding that "for a dialing system to be an ATDS it 'need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it'" *id.* (quoting *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009)) and the Ninth Circuit's 2012 holding that "capacity is not limited to present ability and that predictive dialers fall squarely within the FCC's definition of automatic telephone dialing system." *Id.* (quoting *Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012) (internal quotation marks omitted). As in *McMillion* so to here, Rash Curtis' specific Global Connect dialer is a predictive dialer and an ATDS.

Similarly, in *Swaney,* the Court held that in "*ACA International*, the D.C. Circuit invalidated certain portions of the 2015 FCC Order, but not the portion of the Order reaffirming the FCC's 2003 determination that, 'while some predictive dialers cannot be programmed to generate random or sequential phone numbers, they still satisfy the statutory definition of an ATDS.'" *Swaney*, 2018 WL 2316452, at *1 (citing *ACA Int'l*, 885 F.3d at 702). It went on to explain that "[i]n its 2003 Order, the FCC concluded that the defining characteristic of an ATDS is 'the capacity to dial numbers without human intervention,'" and "[i]n light of *ACA International*, that proposition still stands." *Id.* (internal citations and quotation marks omitted). Accordingly, the *Swaney* Court rejected the defendant's "principal argument against summary judgment . . . that 'to be an ATDS, equipment must have the capacity to store or produce numbers using a random or sequential number generator, even if that capacity is never used'" because that argument could not "be squared with the continuing validity of the 2003 FCC Order." *Id.* at *2.

Likewise, in *Maddox,* the Court held that "[g]iven the *ACA Int'l* decision, the Court relies on the FCC's 2003 interpretation of § 227(a)(1) to determine if Defendant's system qualifies as an ATDS," and that "interpretation focuses on whether a system can 'dial numbers without human intervention.'" *Maddox,* 2018 WL 2327037, at *4 (quoting *In Re Rules & Regulations Implementing*

*the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14092 (2003)).

DATED: June 20, 2018                    TRINETTE G. KENT

By: */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, John McBride

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2018, a true and correct copy of the foregoing was served electronically by the United States District Court for the Eastern District of California Electronic Document Filing System (ECF) and that the document is available on the ECF system.

*/s/ Trinette G. Kent*
Trinette G. Kent